UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF FLORIDA, INC. </br></br>Plaintiff, </br></br>v. </br></br>DIXIE COUNTY, FLORIDA, </br></br>Defendant. | Case No. 1:07cv18 MP-AK |

## COMPLAINT

Plaintiff, the American Civil Liberties Union of Florida, Inc. brings this action against Defendant, Dixie County, Florida, based upon the following:

NATURE OF THE CASE

1. The First Amendment to the United States Constitution prohibits the establishment of religion by the government. This freedom from government-imposed religion is one of the fundamental bases for religious liberty in our country. Plaintiff, on behalf of its members, challenges the placement of a display of the Ten Commandments ("Display") atop the steps to the Dixie County Courthouse ("Courthouse") as a violation of the Establishment Clause of the First Amendment, made applicable to the States by the Fourteenth Amendment. The Display is over five feet tall, made of six tons of granite, and is inscribed at its base in large lettering: "LOVE GOD AND KEEP HIS COMMANDMENTS." No other historic documents or icons are exhibited with the Display. Plaintiff seeks declaratory and injunctive relief, nominal damages, and

07 FEB -6 PM 4: 32

FILED

attorneys' fees.

## JURISDICTION

2. Plaintiff's claims arise under the Constitution and laws of the United States. This Court has jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331(a) and 1343(a), and authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rules of Civil Procedure 57 and 65.

## VENUE

3. Venue is proper in the Northern District of Florida pursuant to 28 U.S.C. § 1391(e) because the events upon which the Complaint is based took place in this district.

## PARTIES

4. The American Civil Liberties Union of Florida, Inc. is a Florida non-profit corporation with its principal place of business in Miami, Florida. The American Civil Liberties Union of Florida, Inc. is the Florida affiliate of the American Civil Liberties Union; it is a membership organization dedicated to advancing and preserving the constitutional protections found in the Bill of Rights, and in particular, the First Amendment. It brings this action to assert the First Amendment rights of its members.

5. At least one member of the Plaintiff organization has been harmed by unwelcome contact with the Display, resulting from the need to use county facilities available only at the Courthouse. Such a member would otherwise have standing to sue in his own right.

6. The interests Plaintiff seeks to protect through the instant Complaint are germane to the organization's purpose and neither the claim asserted nor the relief

requested requires the participation of individual members in the lawsuit.

7. The Dixie County Board of County Commissioners authorized the Display complained of herein. Defendant Dixie County is subject to suit in its own name pursuant to Florida Statute § 125.15.

## FACTUAL ALLEGATIONS

8. On or about January 19, 2006, in Cross City, Florida, the Dixie County Board of County Commissioners decided during a regular meeting of the commissioners to have placed on the steps of the Dixie County Courthouse a display of the Ten Commandments. A true and accurate copy of the minutes authorizing the Display is attached as Exhibit 1.

9. The Courthouse also houses numerous county offices, such as the State Attorney, Supervisor of Elections, Sheriff, Tax Assessor, Clerk of Court, and Board of County Commissioners.

10. In or around November 2006, a display of the Ten Commandments was, in fact, placed atop the steps of the Courthouse.

11. The Display is over five feet tall and made of approximately six tons of granite. At the base of the Display in lettering over three times the size of the commandments themselves is the inscription "LOVE GOD AND KEEP HIS COMMANDMENTS." True and accurate copies of pictures of the Display are attached as Exhibit 2.

12. The Display is plainly religious in nature and is not part of any broader exhibit, historical or otherwise. It stands alone on the Courthouse steps.

13. Other recent religious displays at the Courthouse have included a

statement on the counter of the Tax Assessor's office providing, in substance, that "Jesus and Veterans are the Only Souls Who Have Died For Me."

## CLAIMS FOR RELIEF

### Declaratory Judgment

14. Plaintiff incorporates here the preceding paragraphs of the Complaint.

15. The principal or primary purpose of the Display is not secular, but rather is to advance a particular religion.

16. The Display constitutes a government endorsement of a particular religion.

17. The Display fosters an excessive government entanglement with religion.

18. Plaintiff seeks a declaratory judgment that the Display violates the Establishment Clause of the First Amendment of the United States Constitution, made applicable to the States by the Fourteenth Amendment, pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 1983.

### Injunctive Relief

19. Plaintiff incorporates here the preceding paragraphs of the Complaint.

20. Plaintiff seeks an injunction requiring Defendant to remove the Display from the Courthouse, pursuant to 28 U.S.C. § 2202 and 42 U.S.C. § 1983.

21. Plaintiff has no adequate remedy at law because legal relief cannot remedy the denial of its members' First and Fourteenth Amendment fundamental rights. Unless enjoined by the Court, Dixie County will continue to violate the Constitution by the Display on the Courthouse steps.

### Damages

22. Plaintiff incorporates here the preceding paragraphs of the Complaint.

23. Plaintiff seeks nominal damages against Defendant pursuant to 42 U.S.C. § 1983, not to exceed twenty dollars.

### Attorneys' Fees

24. Plaintiff incorporates here the preceding paragraphs of the Complaint.

25. Plaintiff seeks recovery of its reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant:

Declaring that Defendant's display of the Ten Commandments violates the Establishment Clause of the United States Constitution;

Issuing an injunction requiring Defendant to remove the Display of the Ten Commandments from the Dixie County Courthouse premises;

Awarding nominal damages in favor of Plaintiff, not to exceed twenty dollars;

Awarding Plaintiff its reasonable attorneys' fees incurred in pursuing its claims;

Awarding such further relief as is just and proper.

Respectfully submitted,

*Rebecca H. Steele*
Rebecca Harrison Steele
Florida Bar No: 067326
Director, Religious Freedom Project of the ACLU of Florida
ACLU Foundation of Florida, Inc.
P.O. Box 18245
Tampa, FL  33679-8245
(813) 254-0925
(813) 254-0926 (facsimile)
rsteele@aclufl.org

Randall C. Marshall
Florida Bar No: 181765
ACLU Foundation of Florida, Inc.
4500 Biscayne Boulevard, Suite 340
Miami, FL 33137-3227
(786) 363-2700
(786) 363-1108 (facsimile)
rmarshall@aclufl.org

Glenn M. Katon (N.D. Fla. admission pending)
Florida Bar No: 636894
ACLU Foundation of Florida, Inc.
231 East Colonial Drive, Suite 150
Orlando, FL  32801-1228
(407) 340-3550
(813) 254-0926 (facsimile)
gkaton@aclufl.org

COUNSEL FOR PLAINTIFF

Joey Lander stated that Gilchrist County impact fee was raised by budget process. You, members of this Board, can not be faulted by the way you went about this process.

Commissioner Land requested Howard Reed to have the Chuck Smith turn off and Mr. Dowdy's road fixed as soon as possible.

Commissioner Lamb informed the Board that Johnny Stephenson had contacted him regarding drainage culverts that the SRWMD are putting in the Mallory Swamp. He is concerned that they will be throwing water into Dixie County. I met Tuesday with SRWMD and asked them to steer some of the water in other directions and they have agreed to do this.

Commissioner Lamb informed the Board that he attended the Hospital Steering Committee meeting in Chiefland yesterday. The CEO of America is working on it with Legislative Committee.

Commissioner Hays apologized to Mr. Anderson for not taking care of his turnoff near his Marina in Suwannee and asked Howard Reed to take care of it as soon as possible.

Commissioner Driggers stated that he and Joe Anderson talked this week about the non-profit rehab and the two hangars at the airport. When things are completely worked out, Joe has agreed to pave the road to the rehab.

Joey Lander stated he needs Board approval to do the swap with the Horseman's Arena Lease from the airport to the Pop Varnes Recreation Park.

Commissioner Valentine agreed to look into it and bring it back at the next meeting; but the sign needs to stay on the property that states "*State funding was used for improvements*".

Commissioner Hays informed the Board that the owner of the proposed gasification plant met with Len Beckham and worked out an agreement for an easement and we need to get with Dwight Knight also. This process will help Dixie County secure the prison annex. He discussed the narrow strip that is owned by Mr. Knight and the trade he would like the county to make. This will benefit the county by diverting traffic off this road.

Commissioner Hays requested that the County Attorney, Arthur and the Clerk work out the preliminaries. Board concurred.

Commissioner Lamb stated he wants to see a map or survey before he makes a decision.

County Attorney Lander requested a waiver of conflict for the involvement with Dale Herring in this issue. Board approved.

Commissioner Driggers had a call from a resident who would like to see the Ten Commandments on the steps of the Courthouse. He wanted to know if the Board is bold enough to do this.

All members agreed that they would like to see this accomplished.

Attorney Lander stated that he will defend any law suits for free.

---

Motion by Commissioner Land, seconded by Commissioner Valentine and carried to go ahead with having the Ten Commandments placed on the front of the courthouse steps.

Arthur Bellot stated that Joe Ruth has a position in the sanitation department to advertise.

The Board was in favor and agreed to run the advertisement.

Shannon Thompkins will start tomorrow on the annual inventory of all county property.

The Board was in favor of Ms. Thompkins doing this task.

## VOUCHERS APPROVED

Vendor 24234 – 24345
Payroll 24115 – 24220

## ADJOURN

Motion was made by Commissioner Land, seconded by Commissioner Valentine and carried to adjourn at 9:52 PM.

BOARD OF COUNTY COMMISSIONERS
DIXIE COUNTY, FLORIDA

_____
John L. Driggers, Chairman



_____
Chad Allen Reed, Clerk of Court

ref/chad/boardmeeting/20060119

EXHIBIT 2

