IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

AMERICAN CIVIL LIBERTIES
UNION OF FLORIDA, INC.,

    Plaintiff,

v.                                                  CASE NO. 1:07-cv-00018-MP-AK

DIXIE COUNTY FLORIDA,

    Defendant.

_____/

# **O R D E R**

This matter is before the Court on Doc. 85, Motion to Compel, filed by Plaintiff. Plaintiff wishes to compel the deposition of non-party witness Joseph Thomas Lander, who was the county attorney for Dixie County and is currently under indictment for fraud in another case (1:08-cr-00044-SPM-AK). At a previous deposition, Mr. Lander refused, based on his Fifth Amendment right against self-incrimination, to answer any questions relating to his communications with Dixie County Commissioners. Because Plaintiff's questions regarding Mr. Lander's involvement in the instant case do not, on their face, appear to implicate Mr. Lander's right against self-incrimination, Plaintiff requests that the Court hold an in camera, ex parte hearing to determine whether Mr. Lander has properly relied on his assertion of privilege. Neither Defendant nor Mr. Lander are opposed to Plaintiff's motion.

When surrounding circumstances do not demonstrate a reasonable ground for the assertion of privilege, an in camera hearing may be appropriate. See In re Brogna, 589 F.2d 24, 28 n.5 (1st Cir. 1978) ("In such a case, the judge is simply providing the most favorable setting possible for the witness to 'open the door a crack' where there is no other way for the witness to

verify his claim [of privilege]."). In a case decided before the creation of the Eleventh Circuit Court of Appeals, the Fifth Circuit explained the procedure for such an inquiry as follows:

> In such a hearing the witness need not reveal the details of his possible liability. But he must describe in general terms the basis of the liability actually feared. He must give a description that is at least adequate to allow the trial judge to determine whether the fear of incrimination is reasonable and, if reasonable, how far the valid privilege extends. This is to allow the trial judge to make a decision regarding the witness' obligation to answer each question as asked. A record can be made that is separate from the record kept of the proceedings in the courtroom. This record could be sealed and opened only for appellate review, if necessary.

United States v. Goodwin, 625 F.2d 693, 702 (5th Cir. 1980). However, in attempting to establish a witness' right to the privilege, the witness should not be required to disclose so much that the privilege is effectively destroyed. In re Brogna, 589 F.2d at 28 n.5.

With these principles in mind, the Court finds that it is necessary and appropriate to hold an in camera hearing, at which only Mr. Lander and his attorney will be present, to determine whether Mr. Lander has properly invoked his right against self-incrimination in refusing to answer Plaintiff's questions. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's unopposed request for an in camera, ex parte hearing on its motion to compel (Doc. 85) is GRANTED.

2. The Clerk is directed to draft a subpoena, in accordance with Rule 45 of the Federal Rules of Civil Procedure, commanding JOSEPH THOMAS LANDER to appear for an in camera hearing on Monday, April 13, 2009, at 10:00 a.m. The subpoena should be forwarded to the Marshal, along with a copy of this order, for service on Mr. Lander at the following address:

   JOSEPH THOMAS LANDER
   3560 SW County Rd 334
   Trenton, FL 32693

Plaintiff shall pay to the Marshal the costs of service in advance.

3.     At the hearing, Mr. Lander should be prepared to specify which questions he refuses to answer based on his assertion of privilege and to explain that refusal in terms specific enough for the Court to determine whether there is any danger of self-incrimination. A record of the hearing will be made and kept under seal, to be opened only if necessary for appellate review.

**DONE AND ORDERED** this <u> 25th</u> day of March, 2009

<u>*s/Maurice M. Paul*</u>
Maurice M. Paul, Senior District Judge
