IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

AMERICAN CIVIL LIBERTIES
UNION OF FLORIDA INC,

    Plaintiff,

v.     CASE NO. 1:07-cv-00018-MP-GRJ

DIXIE COUNTY FLORIDA,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 171, Motion for Attorneys' Fees by American Civil Liberties Union of Florida, Inc. ("ACLU"). The ACLU moves the Court for an award of $154,657.50 in attorneys' fees and $5,847.54 in litigation expenses.[1] The ACLU supports its motion with attorneys' declarations of fees and expenses, along with supporting exhibits and the affidavit of Howard S. Marks. Dixie County filed a response in which it rejected the fee amount claimed by the ACLU and made a counteroffer of $50,000.00, pursuant to Local Rule 54.1(E)(4)(c). The ACLU rejected Dixie County's counteroffer but agreed to a fifteen percent (15%) reduction of its fee request and accept $131,458.88. Dixie County has not responded to the ACLU's reduced fee request. For the reasons discussed below, the court recommends that an award of attorneys' fees in favor of the ACLU be entered in the sum total of $126,572.50.

---

[1]The costs portion of ACLU's motion has been resolved and the Clerk has entered judgment for costs. *See* doc. 177. Thus, only the determination of attorneys' fees remains at issue.

The methodology for determining reasonable attorneys' fees begins with a calculation of the lodestar, which is a reasonable hourly rate multiplied by the number of hours reasonably expended.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  "[T]he lodestar as calculated in *Hensley* presumptively includes all of the twelve factors derived from the ABA Code of Professional Responsibility DR 2-106 (1980) and adopted in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)."  *Norman*, 836 F.2d at 1299 (citing *Delaware Valley Citizens' Council*, 478 U.S. 546, 106 S. Ct. 3088 (1986) (Delaware Valley Citizens' Council I)).  The resulting fee carries a "strong presumption" that it is reasonable.  *Blum v. Stevenson*, 465 U.S. 886, 897, 104 S. Ct. 1541 (1984).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."  *Norman,* 836 F.2d at 1299.  The fee applicant bears the burden of producing satisfactory evidence that the requested rates are in line with the prevailing market rates.  *See id*.  However, the court may use its own knowledge and experience in assessing the reasonableness of attorneys' fees and may form an independent judgment either with or without witnesses.  *See id.*

The next step in the computation of the lodestar is the ascertainment of the number of hours reasonably expended.  *Hensley* teaches that "excessive, redundant or otherwise unnecessary" hours should be excluded from the amount claimed.  461 U.S. at 434, 103 S. Ct. at 1939-40.  Finally, in determining the number of hours reasonably expended, the district court must deduct time spent on discrete and unsuccessful

*Case No: 1:96-cr-00020-MP-AK-4*

claims. *See id.* at 435, 103 S. Ct. at 1940.

The ACLU's fee request states that attorney Katon expended 314.5 hours at $400.00 per hour, attorney Steele expended 40.1 hours at $400.00 per hour, attorney Marshall expended 23.1 hours at $450.00 per hour, and attorney Marks expended 5.7 hours at $425.00 per hour. The ACLU asserts that these rates are within the range of prevailing market rates in the relevant legal community for lawyers with comparable skills and experience. Dixie County disagrees and argues that "[t]hese rates are much too high for attorneys with similar experience performing similar work in the Gainesville legal market."

The Court must first identify the relevant legal community in which to determine prevailing market rates. Attorney Howard Mark's affidavit, submitted on behalf of the ACLU, indicates that the relevant legal community for this case should include not only the Northern District of Florida but the Middle District of Florida as well. The Court agrees and finds that the relatively small number of attorneys who practice First Amendment law as well as the controversial nature of this case make the relevant legal community considerably broader than the Gainesville Division in which the case was filed. The fact that both parties' counsel are based out of the Middle District of Florida confirms this determination.

Next, the Court must determine whether these rates are reasonable for attorneys with similar skills and experience in the Middle District of Florida. Since all of plaintiff's attorneys are public interest lawyers who do not charge their clients for their services, their rates must be pegged to the prevailing community rates. *See Blum v. Stetson*, 465 U.S. 886, 895 (1984). All of plaintiff's attorneys have extensive civil litigation

experience: Mr. Katon has nineteen years (doc. 171-1 at 38-39), Ms. Steele has sixteen years (doc. 171-2 at 12-14), and Mr. Marshall has twenty-nine years (doc. 171-3 at 34-43). Given these levels of experience, the requested rates of $400.00 and $450.00 per hour are within the upper range of current rates for lawyers with comparable skills and experience. Three years ago, Katon was awarded $350.00 per hour and Marshall was awarded $400.00 per hour in *First Vagabonds Church of God v. City of Orlando, Florida*, No. 6:06-cv-1583 (M.D. Fla. November 12, 2008). In 2006, Marshall was awarded $350.00 per hour and Steele $300.00 per hour. *See American Civil Liberties Union of Florida, Inc., v. Polk County, Florida*, No. 05-02266 (M.D. Fla. August 30, 2006). Given plaintiff's offer to reduce its original fee request by fifteen percent, the Court finds that reducing each attorney's hourly rate by $50.00 is appropriate and brings the hourly rates well within the prevailing market rates in the Middle District of Florida for similar services by lawyers of reasonably comparable skills, experience and reputation.

Dixie County argues that plaintiff's counsel failed to staff this litigation properly and assigned only senior partner level attorneys to this case to perform work that could, in most cases, be performed competently by more junior lawyers or even legal assistants at much lower rates. However, the ACLU Foundation of Florida, Inc., which employed the attorneys who litigated this case, does not have associates or paralegals. Dixie County's speculation that less experienced attorneys or even a legal assistant, should have performed the work is unfounded. Moreover, "the district court may not set the fee based on speculation as to how other firms would have staffed the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114 (9th Cir. 2008). "The district

court's inquiry must be limited to determining whether the fees requested by this particular legal team are justified for the particular work performed and the results achieved in this particular case. The court may permissibly look to the hourly rates charged by comparable attorneys for similar work, but may not attempt to impose its own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have led to different fee requests." *Id.* at 1114-15.

Next, Dixie County argues that the 383.4 hours claimed by plaintiff's counsel are excessive. Dixie County relies on the declaration of Edward P. Fleming, which concludes that a case of this nature and magnitude should have taken plaintiff's counsel no more than 240 hours to complete. However, Mr. Fleming's analysis generally fails to identify the specific time entries for which the Defendant objects. Instead, Mr. Fleming identifies broad categories of hours which he deems "excessive." Moreover, many of his specific objections, such as "4.3 hours billed by attorney Marshall for his failure to timely file the Bill of Costs," are refuted by the record.

In addition, Mr. Fleming compares the amount of time spent by plaintiff's lawyers to the amount of time spent by defendant's counsel. In *Johnson v. University College of University of Alabama in Birmingham*, the Eleventh Circuit "questioned the relevance of the number of hours spent by defense counsel to a determination of the reasonable fee for plaintiff's attorneys." 706 F.2d 1205, 1208 (11th Cir. 1983). The Court concluded that "[t]he amount of hours that is needed by one side to prepare adequately may differ substantially from that for opposing counsel, since the nature of the work may vary dramatically." *Id.*

After reviewing the billing entries, the Court concludes that the hours spent were

reasonable and necessary for the prosecution of this case and that the time spent by each of the attorneys reflects the distinct contribution of each attorney to the case. However, Dixie County points out that the ACLU is barred from recovering fees for the work it performed during the month of February 2007, a total of 24.9 recorded hours (20.9 for Mr. Katon and 4.0 for Mr. Marshall), because it failed to comply with the requirement of Local Rule 54.1(B) that it timely file its time records with the Court. Under this rule, Plaintiff was required to file its time records for the month of February 2007 on or before March 15, 2007.  N.D. Fla. Loc. R. 54.1(B)(2).  The rule provides that "failure to comply with these requirements will result in attorneys' fees being disallowed for the omitted period."  N.D. Fla. Loc. R. 54.1(B)(5).  The ACLU filed its time report on March 16, 2007.  The ACLU never sought an extension of time, nor did it move for leave to file its time report after the deadline.

   Courts in this district, including this Court, have routinely and very strictly applied the filing requirements and deadlines of Local Rule 54.1(B) to reject non-compliant fee submissions.  *See e.g., Guthrie v. Finnegans Wake Irish Pubs, LLC*, 2009 WL 5176537 at *4-7 (disallowing fees for periods in which monthly reports were not timely filed); *Barnes v. Morgan*, 2009 WL 909432, *3 (N.D. Fla., April 2, 2009) (disallowing fees because "counsel's submissions, except for as they pertain to work done in the month of February, are untimely"); *Bank of New York Mellon Trust Co., N.A. v. Johnson*, 2009 WL 3711567, *1 (N.D. Fla., Nov. 4, 2009) (disallowing fees for months where reports were past due, and allowing subsequent fees "only if the Plaintiff files the Attorney Time Records for the covered time periods by the 15th of November (for October) and then by the 15th of each successive month").  Accordingly, the ACLU is barred from

*Case No: 1:96-cr-00020-MP-AK-4*

recovering fees for the work it performed during the month of February 2007, which reduces the total number of hours from 383.4 to 358.5.

Having determined both components of the lodestar, the Court still must consider whether an adjustment to the lodestar should be made for the results obtained. See *Norman*, 836 F. 2d at 1302. "If the result was excellent, then the Court should compensate for all hours reasonably expended." *Id.* Conversely, if the result was partial or counsel obtained only limited success then the lodestar "must be reduced to an amount that is not excessive." *Id.*

Here, counsel for the ACLU obtained an excellent result for its client. Counsel successfully prosecuted this case and successfully obtained summary judgment. By doing so, counsel saved the ACLU substantial additional attorneys' fees which it would have incurred had the case proceeded further. Accordingly, the Court finds that no adjustment should be made.

In sum, the Court concludes that the hourly rates charged by plaintiff's counsel should be reduced by $50.00 per hour. Further, the Court concludes that the total number of hours the ACLU may claim is reduced to 358.5 hours. The resulting total of $126,572.50 is a reasonable fee to be awarded to the ACLU in this case. The following table summarizes the Court's award:

| *Attorney* | *Hours* | *Rate* | *Total* |
|---|---|---|---|
| Katon | 293.6 | $350.00 | $102,760.00 |
| Steele | 40.1 | $350.00 | $14,035.00 |
| Marshall | 19.1 | $400.00 | $7,640.00 |
| Marks | 5.7 | $375.00 | $2,137.50 |

| | Total | 358.5 | | $126,572.50 |
|---|---|---|---|---|

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that the Court enter judgment in favor of American Civil Liberties Union of Florida, Inc. and against Dixie County, Florida for attorneys' fees in the sum of $126,572.50 plus interest at the federal rate, on the award from July 29, 2011, the date of the joint stipulation of liability.[2]

**IN CHAMBERS** this 27th day of January 2012.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2] Under Florida law, "[p]rejudgment interest begins to accrue on the date the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination." *Butler v. Yusem*, 3 So. 3d 1185, 1186 (Fla. 2009). Thus, Plaintiff is entitled to interest from the date the parties filed their joint stipulation of liability for attorney's fees. *See* doc. 156.

*Case No: 1:96-cr-00020-MP-AK-4*