**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

AMERICAN CIVIL LIBERTIES UNION
OF FLORIDA, INC.,

Plaintiff,

v. CASE NO. 1:07cv18-MP-GRJ

DIXIE COUNTY FLORIDA,

Defendant.
_________________________________/

**O R D E R**

This cause comes on for consideration upon the magistrate judge's Amended Report and Recommendation dated February 6, 2012. (Doc. 202). The parties have been furnished a copy of the Amended Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Defendant filed timely objections (doc. 209), to which the plaintiff has responded (doc. 210). The court has made a *de novo* determination of the timely filed objections.

Having considered the Amended Report and Recommendation, the timely filed objections, and the response, the court concludes that the Amended Report and Recommendation should be adopted in part and modified in part. The court finds that the defendant has raised two meritorious objections. First, the defendant objects that the amount awarded, $135,487.50, is greater than the amount the plaintiff offered to accept. The plaintiff initially requested an award of $156,657.50 in attorneys' fees but, in reply to the defendant's response to the fee application, plaintiff offered to reduce that request by 15%, bringing the fee request to $131,458.88 (doc. 181). While this was an amended and reduced request, not the amount requested in the fee application, it was stated in a reply to the court and the court finds that it is not appropriate to enter an award for more than

the plaintiff requested. *See Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 439 (11th Cir. 1999) (holding the district court award of more than the plaintiff requested in their fee application was an abuse of discretion). Accordingly, the award will be reduced to $131,458.88 on the basis of this objection.

Second, the defendant objects on grounds that proper billing judgment was not adequately exercised in several instances where the work billed did not require the level of expertise that the plaintiff's attorneys brought to the case and yet they billed the time at their full rate. The court finds for the most part that billing judgment was appropriately exercised in this case in determining the hours spent.[1] *See Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000) (stating the "lodestar" "is the number of hours (tempered by billing judgment) spent in the legal work on the case"). However, the court finds merit to the objection regarding clerical and some lower-level work billed at senior partner rates. The types of tasks the defendant sets forth as examples include time billed for a telephone conference with a courier regarding a filing, a telephone conference with a process server regarding service, transmitting subpoenas to a process server, preparing deposition notices, and emailing a court reporter to schedule a deposition. Although these entries describe undoubtedly valid and necessary duties, and the plaintiffs assert that they have limited staff resources, prudent billing judgment would dictate that skilled attorneys need not charge their top billing rate for low-skill tasks. The court agrees with the Third Circuit's comment that "[a] Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn." *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3rd Cir. 1983). "[W]here the court believes that the matter has not been handled efficiently, the court may reflect that fact by decreasing the hourly rate to the market rate charged by lawyers of less skill and experience." *Perkins v. Mobile Hsg. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988).

The plaintiff asserts that less than 10 hours of the total 383.4 hours claimed were

---

[1] Defendant submitted many objections to individual time records, which the court has reviewed. Most of these objections involve the defendant's claims that excessive time was spent on legitimate legal matters. In some instances, it is claimed that work was inadequately described or itemized. In a few instances, the entries, including publicity billing entries, had already been excluded by Attorney Randall Marshall (doc. 171-3, at 3). With the exceptions noted in text of this order, the court finds the billing entries to be adequate and reasonable but will not detail them here.

spent on such matters. The defense expert on attorney's fees, Attorney Edward Fleming, identified the following items that the court agrees would have been more appropriately billed at a lesser rate: 2.3 hours of time billed at senior partner rates for clerical work; 2.6 hours requesting extensions of time; 4.8 hours to draft a motion to strike a reply; and 1.8 hours disputing subpoena service, billed at Mr. Katon's rate. These items total 11.5 hours. The court will subtract that amount (11.5 hours x $350 per hour = $4,025) and instead apply lower rates to those hours. The court finds a $75 hourly rate reasonable for the 2.3 hours of clerical work (2.3 hours x $75 per hour = $172.50), and that a $200 rate is reasonable for the remaining 9.2 hours of low-level legal work (9.2 hours x $200 per hour = $1,840).[2] Accordingly, the court will subtract $4,025 and add back $2,012.50 to reflect the lower rates that reasonably should have been charged for this work.

Additionally, the court finds that it was unreasonable for Mr. Marshall to bill 4.3 hours to deal with his failure to timely file the bill of costs. Thus, the court will also deduct $1,720 for this billing.[3]

Accordingly, it is now ORDERED as follows:

1. The magistrate judge's Amended Report and Recommendation is adopted and incorporated by reference in this order except as modified herein and except for the date on which interest on the award begins to accrue.[4]

2. The Clerk is directed to enter judgment in favor of American Civil Liberties Union of Florida, Inc. and against Dixie County, Florida for attorneys' fees in the sum of

---

[2] These rates are within the ranges provided as reasonable in Mr. Fleming's declaration.

[3] 4.3 hours x 400 per hour = $1720.

[4] The magistrate judge's Report and Recommendation concluded that plaintiff is "entitled to interest from the date the parties filed their joint stipulation of liability for attorney's fees." (Doc. 202). However, the parties joint stipulation and the order adopting the joint stipulation specifically provide for interest on the award "from the date an actual amount of fees and related nontaxable expense is entered by the Court, whether by virtue of settlement or Court decision." (Docs. 156 and 160). As such, interest on the award shall begin to accrue from the date of entry of this order.

$127,726.38[5] plus interest, at the federal rate, on the award from the date of entry of this order.

**DONE and ORDERED** this 23rd day of March, 2012.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

[5] This total represents $131,458.88 (the amount plaintiff requested) minus $4,025 (representing the 11.5 hours billed at the senior attorney rate of $350 per hour) plus $2,012.50 (the 11.5 hours at lesser rates) minus $1,720 (subtracted for late filed bill of costs entries).